Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ROSANNA KABEL, Widow, and HENRY J. KABEL, Son, Appellants, for Compensation under the Workmen's Compensation Law, for the Death of WILLIAM KABEL, *v.* LANE ENGINEERING COMPANY and SCHOELKOPF ANILINE CHEMICAL COMPANY, Employers, and THE UNITED STATES FIDELITY AND GUARANTY COMPANY, Insurance Carrier, Respondents.

Third Department, May 4, 1921.

**Workmen's Compensation Law — recovery against third person by administratrix of employee — full amount of verdict should be credited to award — attorney's fees and other expenses not deductible.**

The full amount of a verdict secured against a third person by the administratrix of the deceased employee should be charged against the claimants and credited to the award, and the contingent fee of the attorney, the

amount paid to a special guardian and to a surety company, and the funeral expenses of decedent should not be deducted from the amount of the verdict before the award is credited.

WOODWARD and VAN KIRK, JJ., dissent.

APPEAL by the claimants, Rosanna Kabel and another, from the findings, rulings and award of the State Industrial Commission, entered in the New York office of said Commission on the 7th day of January, 1920.

*John F. Ryan,* for the claimants, appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondent State Industrial Commission.

*William Warren Dimmick,* for the respondents employer and insurance carrier.

KILEY, J.:

Claimant's intestate was so severely injured on June 27, 1917, that he died three days thereafter. The employers were contractors for heating and power plants. The employers gave the required report of injury, and claimants filed the required notices of claim. After filing the foregoing report and notices, and on or about October 23, 1917, claimants filed with the State Industrial Commission, as provided in section 29 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705), notice of election to sue a third party, viz., John W. Cowper Company, Incorporated, as being liable for such injury and death. The widow sued as administratrix and recovered a verdict of $4,500, which with costs and interest added, amounted to $4,850 when it was finally paid. The award made by the State Industrial Commission was in favor of claimants, but they were charged and the award credited with the amount found as damage in the action aforesaid, viz., $4,500. They were not charged with costs or interest received. The attorney for claimants and appellants here and in the Supreme Court action received thirty per cent of the recovery for his services. The special guardian for the infant $15, the surety company $24.50, funeral expenses $792.35. The employers and carrier do not appeal. The only question involved here is, should the above amounts be

deducted from the recovery before anything was credited to the award, or charged against claimants. The amount credited was $4,500; the carrier, in its brief, claims it should have been $4,850. It did not appeal and will have to be satisfied with the record as it comes to us, as long as it did not so appeal. That the $4,500 should, at least, be credited is not an open question in this court. (*Solomone* v. *Degnon Contracting Co.*, 194 App. Div. 50.) I favor affirmance.

All concur, except WOODWARD and VAN KIRK, JJ., dissenting.

Award affirmed.