(97 South. 87)

### GEORGIA CASUALTY CO. v. HAYGOOD et al. (3 Div. 613.)

(Supreme Court of Alabama. June 7, 1923. Rehearing Denied June 28, 1923.)

**1. Master and servant ⚙⟹401—Bill of interpleader held to allege deceased employee was injured in course of employment.**

A bill of interpleader brought against the dependents of a deceased employee and the insurance carrier of his employer, which admitted that the deceased employee was killed by the negligent acts of complainant's servant, and alleged that, while the servant was employed in soliciting building contracts, which was part of his duty, and was on the public streets. he was struck by defendant's truck, alleged that the employee's death arose out of and in the course of his employment, so that that fact was admitted by an answer admitting the allegations of the complaint and submitting the cause for determination thereon.

**2. Master and servant ⚙⟹351—Remedies under Compensation Act exclusive.**

Workmen's Compensation Act, §§ 10, 10½, indicate that the remedies granted therein are exclusive in cases coming within the influence of the general act.

**3. Master and servant ⚙⟹351—Compensation Act limits homicide statute so as to authorize recovery only by dependents.**

Although the Workmen's Compensation Act, §§ 10, 10½, refers only to recovery by the dependents of a deceased employee, whereas Code 1907, § 2486, commonly known as the homicide statute, authorizes recovery by the executor or administrator, the latter statute, though not repealed by the Workmen's Compensation Act, is limited in cases of the death of an employee, wrongfully caused by a third person not his employer, to a recovery on behalf of the dependents of the deceased employee, and the right of the administrator is withdrawn.

**4. Master and servant ⚙⟹389—Compensation insurance carrier subrogated to entire recovery without deduction of attorney's fees.**

Under Workmen's Compensation Act, § 32, providing that the employer can deduct from the compensation payable by him the amount actually received by the employee's dependents from a third person, who was legally liable for the employee's death, an insurance carrier of the employer is entitled to be subrogated to the entire amount of recovery by the dependents from a third person, without deduction of the attorney's fee incurred by the dependents in recovering the amount, especially where the amount of the recovery is less than the amount of compensation under the act.

⚙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Statutes ⊕114(2).—Title of Workmen's Compensation Act includes provision for recovery against third party.**

The title to the Workmen's Compensation Act, which indicates that the Legislature intended thereby to deal fully with the matter of compensation growing out of industrial injuries, even to the extent of changing and modifying common-law and statutory remedies, was sufficient under Const. 1901, § 45, to include the provisions of section 32 of that act, relating to recovery of compensation from a third person legally liable for the injuries and the disposition of the amount so recovered.

**6. Master and servant ⊕347—Legislature had authority to give compensation insurance carrier right of subrogation to recovery against third person.**

It was within the legislative authority to confine the right of recovery against a third party, whose negligent act caused the death of an employee, to the dependents of the employee, and to give the insurance carrier of the employer a right to be subrogated to such recovery to the extent of the compensation paid by it, as was provided by section 32 of the Workmen's Compensation Act.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill of interpleader by W. Langston Haygood and Lena B. Haygood against the Georgia Casualty Company and others. From the decree, respondent Georgia Casualty Company appeals. Reversed and rendered.

On November 15, 1921, Nay P. Park was an employee of F. J. Cramton, who was doing business as the Cramton Lumber Company at Montgomery, and both Park and Cramton, as employer and employee, had become subject to part 2 of the Workmen's Compensation Act (Acts 1919, p. 206), and Cramton had insured against liability under said act with the Georgia Casualty Company. On the afternoon of that day Park, while in the line and scope of his employment, was run over by an automobile belonging to the Haygood Transfer Company, and received injuries from which he died. He left surviving him a widow, Mrs. Iola B. Park, and six children, all of whom are over the age of 21 years; one child, Richard D. Park, was physically incapacitated from earning a living, and was dependent upon his deceased father.

Immediately after the death of the deceased, the widow was appointed administratrix of the estate, and she, as an individual, and as such administratrix, together with all the children of the decedent employed Messrs. Hill, Hill, Whiting & Thomas as their attorneys to prosecute all claims growing out of their decedent's death. These attorneys on June 22, 1922, filed two suits on behalf of their clients against the Haygood Transfer Company. One was brought in the name of the administratrix to recover damages for the wrongful death of the decedent under the Homicide Act, and, on the same date, a suit was also filed on behalf of the widow and the dependent child, Richard, as dependents of the deceased, against the Haygood Transfer Company. Later, on July 6th, the same attorneys filed a third suit against F. J. Cramton, and the Georgia Casualty Company, his insurance carrier, claiming damages for injuries and death under the Workmen's Compensation Act.

On September 26, 1922, the circuit court of Montgomery county decided that the injuries and death were compensable under the Workmen's Compensation Act, and entered a judgment in favor of the widow of Nay P. Park against the Georgia Casualty Company for $9 a week for 300 weeks, and also entered a judgment for $3 a week for 300 weeks in favor of the dependent child, Richard D. Park. No appeal was taken from this judgment, and the same is now final and conclusive.

After the rendition of the judgment under the Workmen's Compensation Act, the Georgia Casualty Company, on March 1, 1923, notified the Haygood Transfer Company that it claimed to be subrogated to the rights of the dependents of the decedent, Nay P. Park, under the provisions of section 32 of the Workmen's Compensation Act, and it filed in both the suits against the Haygood Transfer Company petition to be allowed to intervene therein and continue the litigation in its own name, which petitions are still pending.

At this stage of the litigation all parties agreed that $700 was a proper amount to be paid by the Haygood Transfer Company as damages for the wrongful death of Nay P. Park, and this sum was paid the register of the chancery court of Montgomery county, Ala.

The dependent widow and child of the decedent, Nay P. Park, deny that the Georgia Casualty Company is entitled to be subrogated to their rights because of the judgment rendered under the Workmen's Compensation Act, claiming that section 32 of the Compensation Act is unconstitutional and void.

The administratrix of the estate of the decedent contends that, as representative of herself and all her children, the $700 should be paid to her as damages for the wrongful death of Nay P. Park, and that the Georgia Casualty Company has no interest in said fund, and the attorneys for the widow and children of the decedent. Nay P. Park, Messrs. Hill, Hill, Whiting & Thomas, claim that they had a contract with the administratrix and with the dependents of Nay P. Park, which entitles them to 40 per cent. of the amount recovered for the wrongful death of said Nay P. Park, and they claim $280 of the fund as a reasonable attorney's fee for such services, and claim a lien upon the

fund of $700 for the payment of said fee. The Georgia Casualty Company insists that under section 32 of the Workmen's Compensation Act, it is entitled to be subrogated to the rights of the dependents and the widow and next of kin of the decedent, Nay P. Park, against the Haygood Transfer Company, who wrongfully brought about his death, and that the $700 fund belongs to it without any diminution thereof for attorney's fees, and without being subject to a lien for such attorney's fees.

All the questions involved in this controversy were presented to the circuit court of Montgomery county by means of a bill filed by the Haygood Transfer Company against all the other parties. In this bill all the facts as heretofore outlined were set up, the fund of $700 was paid into court, and it was the prayer of the bill that each of the parties propound their respective claims to the sum paid into court, or any part of it. All the other parties, namely, Georgia Casualty Company, the widow and dependent child, the administratrix, and the attorneys for the dependents and the administratrix came into court and consented that a decree of interpleader be entered, admitting that the allegations contained in the bill of complaint were correct, and submitted the cause for final decree upon the bill of complaint, and the admissions contained in the answer.

Thereupon, by decree of the circuit court of Montgomery county, Ala., it was adjudged that the attorneys for the administratrix and dependents of the decedent, N. P. Park, Messrs. Hill, Hill, Whiting & Thomas, were entitled to a lien for an attorney's fee of $280, to be paid out of the money paid into court, and that Mrs. Iola B. Park, as administratrix of the estate of Nay P. Park, deceased, was entitled to the remaining $420, of said sum to be distributed by her among all the children of the decedent, and to herself individually as decedent's widow, under section 2486 of the Code of 1907.

From this judgment the appellant, the Georgia Casualty Company, has appealed.

The bill contained the following averment, admitted by the answer "to be true and correct":

"That the duties of said Nay P. Park under his said employment were to solicit building contracts, and to enter into and conclude negotiations for work to be done by, and material to be furnished by the said employer; that while so employed said Nay P. Park was on one of the public streets of the city of Montgomery, Ala., and then and there an agent, servant, or employee of your complainants, while acting within the line and scope of his employment, negligently ran an automobile or truck into, or over, said Nay P. Park, and as a proximate result thereof he died shortly thereafter."

The answer is as follows:

"Come the defendants, Georgia Casualty Company, a corporation, Mrs. Iola B. Park, Richard D. Park, Mrs. Iola B. Park as administratrix of the estate of Nay P. Park, deceased, and W. W. Hill, W. C. Hill, A. F. Whiting, and J. R. Thomas, partners, doing business under the firm name of Hill, Hill, Whiting & Thomas, and enter a general appearance in the above-entitled cause, and consent that a decree of interpleader may be entered permitting, and requiring the complainants to pay the sum of $700 to the register of this court, and relieving the complainants from the payment of any costs, and from all further liability for the wrongful death of Nay P. Park, deceased, and further admit, consent, and agree that this cause may be submitted for final decree upon the allegations contained in said bill of complaint; the allegations therein contained being hereby admitted by each of the defendants to be true and correct, and the defendants agree, and request that this honorable court enter a decree adjudging to whom, and in what proportion, the said sum of $700 should be paid, subject to the right of appeal by any of these defendants."

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Within its field of operation the Workmen's Compensation Act is the exclusive criterion of the rights and liabilities of all parties including employer, employee, dependents, administrators, next of kin, insurance carrier, and third persons who are legally liable for the injury or death for which compensation is payable. Acts 1919, p. 206, §§ 10, 10½, 31 (3), 37; Steagall v. S. S. S. & I. Co., 205 Ala. 101, 87 South. 787; Basso v. Clark & Son, 108 Misc. Rep. 78, 177 N. Y. Supp. 484; Peet v. Mills, 76 Wash. 437, 136 Pac. 685, L. R. A. 1916A, 358, Ann. Cas. 1915D, 154. Where a death for which compensation is payable under part 2 of the Workmen's Compensation Act was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party not being subject to part 2 of the act, such legal liability becomes the property of the dependents of the deceased workman to the exclusion of the administrator and next of kin. In such cases the Workmen's Compensation Act supersedes section 2486 of the Code. Acts 1919, p. 206, § 32; Travelers' Ins. Co. v. L. Padula Co., 224 N. Y. 397, 121 N. E. 349. If such dependents institute proceedings to recover compensation from the employer, such employer or his insurance carrier is subrogated to all the rights of such dependents against the third party and may continue the action in his own name or that of the dependents, paying over to them all sums so recovered in excess of the compensation, costs, attorney fees, and reasonable expenses incurred in enforcing or collecting the liability. Acts 1919, p. 206, § 32; Mass. Bonding & Ins. Co. v. Los Angeles R. Corp., 182 Cal. 781, 190 Pac. 161. Counsel fees of dependents are not a lien upon, nor are they to be deducted from, the damages recovered of the third party until the employer of his insurance carrier have first been reimbursed. Acts 1919, p. 206, § 32 (2); Ka-

bel v. Lane Eng. Co., 196 App. Div. 669, 187 N. Y. Supp. 833.. The title of the Workmen's Compensation Act is sufficiently broad to cover the provisions of subsection 2 of section 32; and section 45 of the Constitution of 1901 has not been infringed. Ballentyne v. Wickersham, 75 Ala. 533; Wilkinson v. Stiles, 200 Ala. 279, 76 South. 45; Grambs v. City of Birmingham, 202 Ala. 490, 80 South. 874; Peet v. Mills, supra; Western States G. & E. Co. v. Bayside Dr. Co., 182 Cal. 140, 187 Pac. 735.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellees.

Section 32 of the Workmen's Compensation Act does not entitle the employer or his insurance carrier to be subrogated merely to the shares of the dependents in the proceeds of an action under the homicide statute. Acts 1919, pp. 233, 218, §§ 32, 14; Code 1907, § 2486. Subdivision 2 of section 32 of the Workmen's Compensation Act creates no new cause of action in favor of the dependents of a deceased employee. Acts 1919, p. 233; 2 Honnold on W. C. A. 1324; Fid. & Cas. Co. v. St. Paul Co. (Minn.) 188 N. W. 265; Rev. Stat. Minn. 1905, § 4503. The fund is subject to a lien for attorney's fees. Code 1907, § 3011; Ex parte Lehmann-Durr & Co., 59 Ala. 631; Mosely v. Norman, 74 Ala. 422; 6 C. J. 788; Harlan & Co. v. Bennett, 127 Ky. 572, 106 S. W. 287, 128 Am. St. Rep. 360. If subdivision 2, section 32, be construed as creating a new cause of action in favor of the dependents and abolishing the right in the personal representative under the homicide statute, and rendering liability for the death of an employee of a third party different from the liability of any other person, it would offend section 45 of the constitution of Alabama and § 1, Amendment 14, of the federal Constitution. Sanders v. Court of Co. Comm'rs, 117 Ala. 543, 23 South. 788; Pillans v. Hancock, 203 Ala. 570, 84 South. 757; Montgomery v. Smith, 205 Ala. 557, 88 South. 671; Connolly v. Union S. P. Co., 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679.

GARDNER, J. This appeal involves the proper construction of the subrogation provisions of the Workmen's Compensation Act, as found in section 32 thereof. Acts 1919, p. 206.

[1] We think the brief of counsel for appellant contains a full and accurate presentation of the facts and pleadings in the cause, and are set out by the reporters as the statement of the case. The correctness of appellant's statement of the case is not questioned by counsel for appellee, save in one particular, i. e., in appellee's brief it is stated that in the bill of interpleader there was no averment that the death of the employee, Park arose out of and in the course of his employment, but that such bill only alleges this was a litigated issue in the suit by the dependents against this appellant. In this however, counsel are in error, as the bill alleges what were the duties of Park as to his employment and that he was injured while "so employed." The report of the case also contains these averments.

We are of the opinion the reasonable construction of the language used suffices to show that Park's death arose out of and in the course of his employment, and that it very clearly appears from the pleadings in the case that the trial court proceeded to a determination of the cause upon the assumption that this was an admitted fact. We will therefore so treat and consider it here.

Suit was brought both by the administrator and the dependents against the third party causing the death. Liability had been determined against the insurance carrier, and it seeks to be subrogated to plaintiffs' right in the suit by the dependents.

The question is presented therefore as to whether or not such right of subrogation exists; and, if so, is it subordinate to the claim for attorney's fee of counsel for plaintiffs in that cause. That portion of section 32 of the Workmen's Compensation Act here pertinent reads as follows:

"That where the injury or death for which compensation is payable under part 2 of this act was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party not being subject to the provisions of part 2 of this act, legal proceedings may be taken by the employee or dependents against such other party to recover damages, notwithstanding the payment of the employer, or his liability to pay compensation hereunder. But in such case, if the action against such other party is brought by the injured employee, or, in case of his death, by his dependents, and judgment is obtained and paid, or settlement is made with such other party, either with or without suit, the employer shall be entitled to deduct from the compensation payable by him the amount actually received by such employee or his dependents; provided that, if the injured employee, or in case of his death his dependents, shall agree to receive compensation from the employer or shall institute proceedings to recover the same, or accept from the employer any payment on account of such compensation, such employer or his insurance carrier, shall be subrogated to all the rights of such employee, or dependents, and may maintain, or in case an action has already been instituted, may continue the action either in the name of the employee or dependents, or in his own name against such other party for the recovery of damages, but such employer shall nevertheless pay over to the injured employee or dependents all sums collected from such other party by judgment or otherwise in excess of the amount of such compensation payable by the employer under part 2 of this act, and costs, attorney's fees, and reasonable expenses incurred by such employer in making such collection and enforcing such liability; provided, that in no case shall such party be liable to any person other than the employee or his de-

pendents for any damages growing out of or resulting from such injury or death."

It thus appears that the right of action in case of the death of the employee is given to his dependents and not the administrator of his estate, and the right of subrogation vested in the insurance carrier to the extent of reimbursement, and all remaining surplus to be paid said dependents.

The concluding words of this section are significant, constituting a proviso against liability on the part of such third party to any other person. In construing the section here under review, due consideration should also be given sections 10 and 10½ of this act, which read as follows:

"10. *Surrender of Other Rights.*—Such agreement or the election hereinafter provided for shall be a surrender by the parties thereto of their rights to any other method, form, or amount of compensation or damages for any injury occasioned by an accident proximately resulting from and while engaged in the actual performance of the duties of his employment and from a cause originating in such employment, or determination thereof than as provided in part 2 of this act, and shall be an acceptance of all the provisions of part 2 of this act, and shall bind the employee himself, and for compensation of his death shall bind his personal representative, the surviving spouse and next of kin, as well as the employer and those conducting his business during bankruptcy or insolvency, for compensation for death or injury, as provided for by part 2 of this act.

"10½. *Excluding Other Remedies.*—The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representative, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of services or death; and except as herein provided in part (1) and part (2), (as the case may be) of this act, no employer included within the terms of this act shall be held civilly liable for any personal injury to or death of any workman due to accident while engaged in the service or business of the employer, the cause of which accident originates in the employment; but nothing in this section shall be construed to relieve any employer from criminal prosecution for failure or neglect to perform any duty imposed by law."

[2] A careful consideration of the language of the sections herein set forth, in connection with the well-understood purpose of the Workmen's Compensation Act, is persuasive to our mind that the rights and remedies granted therein are exclusive in those cases coming within the influence of the general act. Indeed, such was the statement of this court in Steagall v. S. S. S. & I. Co., 205 Ala. 100, 87 South. 787, wherein it was said: "The rights and remedies therein granted exclude all other rights and remedies."

Section 2486 of the Code of 1907 is what is commonly referred to as the homicide stat-ute. It is of course well understood that in common law no civil action would lie for causing the death of a human being, and legislative enactment was therefore necessary to create the civil liability and the right of recovery. The language, however, of that portion of section 32 of the Compensation Act, above quoted, gives this right to the dependents of the employee only, and makes no reference to section 2486 and the right of the administrator to bring suit thereunder.

It is therefore insisted by counsel for appellee that this right still exists, and that the exclusive rights and remedies in behalf of the dependents were not intended to be granted by the foregoing provisions.

A question of this character has not been previously presented to this court, but our attention is directed to cases in other jurisdictions in brief of counsel for appellant; the most nearly in point being that of Travelers' Ins. Co. v. Padula Co., 224 N. Y. 397, 121 N. E. 348. This case dealt with the subrogation feature of section 29 of the Workmen's Compensation Act of that state (Consol. Laws, c. 67), which section is set out in the opinion as well also section 1902 of the Code of Civil Procedure of that state, which latter section bears analogy so far as the purposes of this case are concerned to our homicide statute.

Section 1902 of the New York Code gives the right of action to the executor or administrator, and the following section provides that the damages recovered shall be for the exclusive benefit of the husband or wife of the deceased and next of kin. The damages are compensatory. The provisions of the Workmen's Compensation Act of that state give the right of action to the dependents of the deceased employee.

It thus appears that much similarity exists between the Travelers' Ins. Co. Case, supra, and the one here under consideration. The New York court held that the language of section 29 of the act of that state very clearly expressed the legislative intent to give to the dependents under that law the right of action for the death of the employee, and so also we think it equally clear that such was the legislative intent under the language used in the Workmen's Compensation Act of this state. The following language of the New York court in the above-cited case is pertinent to the question here under consideration:

"A cause of action inherently includes and comprehends, in the absence of restrictive language, the right to maintain an action upon the claim or matter which also is inherently included in it. 'Cause of action' is the right to prosecute an action with effect. Douglas v. Forrest, 4 Bing. 686. The right to maintain the action may by statute be withheld from the owner of the cause of action and given to another, because of convenience or simplicity in procedure, as is done by the provisions of section 1902, or by the provisions of the section

that the Industrial Commission may prosecute, in behalf of the state, the causes of action assigned, under the section, to and owned by the state. It is, however, an elementary and fundamental rule of law and of property that the 'owner of a cause of action has the right, which is a part of it, in the absence of a valid restriction, to prosecute it in the ordinary and legal method and manner in the courts."

The court held that in case the dependents elected to enforce the cause of action against the wrongdoer, they should pursue, in so far as applicable under the language, the remedies provided in section 1902 of the Code of Civil Procedure of that state. It was also pointed out that an executor or administrator of a deceased employee as the representatives of the dependents may maintain the action, the dependents having so elected, but that the dependents were the sole beneficiaries thereof. The court further held that section 1903, dealing with the distribution of the recovery, became inoperative, and that provisions of the Compensation Act in that respect governed.

Subsequent to the renditions of this decision by the Court of Appeals of New York, the Supreme Court of that state, in Basso v. Clark & Son, 108 Misc. Rep. 78, 177 N. Y. Supp. 484, discussing section 1902 of Code of that state in connection with the provisions of the compensation law, expressed the view that said section 1902 had not been repealed, either expressly or impliedly, by the Compensation Act, but that said statute remained in force and applicable to all cases not included within the scope of the compensation law, and that some of the provisions of the latter law in effect took from without the operation of section 1902 the right to enforce liability in certain cases embraced within the terms and conditions of the Compensation Act. The court was dealing with section 11 of the Compensation Law, and in discussing this relationship said:

"It ingrafts a limitation upon the liability enforceable under that section. In this respect it may be contended, I think, with some plausibility that section 11 operates as, and performs the functions of, a proviso. It is a subsequent enactment, and it curtails the rights enforceable under a prior statute."

Indeed, this was in effect the holding of the Court of Appeals of New York in the Traveler's Ins. Co. Case, to which attention has been above directed, wherein it was held that the right of action vested in the dependents was to be prosecuted under section 1902 of the Code of that state.

The Supreme Court of Washington, in Peet v. Mills, 76 Wash. 437, 136 Pac. 685, L. R. A. 1916A, 358, Ann. Cas. 1915D, 154, likewise held that the remedies provided by the compensation law were exclusive. See in this connection North Pac. v. Meese, 239 U. S. 614, 36 Sup. Ct. 223, 60 L. Ed. 467; Turnquist v. Hannon, 219 Mass. 560, 107 N. E.

443; Corpus Juris Workmen's Comp. Act Pamphlet, p. 140.

[3] We are in accord with these views. The homicide statute is not repealed by the Compensation Act but is limited in cases like the one now under consideration to be enforced in behalf of the dependents of the deceased employee, and in such cases the right of the administrator to pursue the remedies thereunder is withdrawn.

Counsel for appellee lay much stress upon the decision of the Supreme Court of Minnesota in the case of Fidelity & Casualty Co. v. N. Y. & St. Paul Gas Co. (Minn.) 188 N. W. 265. This decision was rendered some time subsequent to the passage of our Compensation Act, but when carefully analyzed we are persuaded it does not conflict with the conclusion which we have reached. There the only question was whether or not the cause of action was barred by the statute of limitation. It was held that the limitation statute applicable to what is referred to in the opinion as the "death by wrongful act" statute, applied. It was pointed out that the Compensation Act expressly recognizes the existence of the remedy for recovery of damages for wrongful death, and provides that this remedy may be pursued. This was the holding in Traveler's Ins. Co., supra, and is in entire harmony with the conclusion we have here reached.

The Compensation Act in this respect did not create a new cause of action, but limited the cause of action provided for in section 2486 in cases of this character to the dependents, excluding the executor and administrator.

We are therefore of the opinion that under the admitted facts, the right of action existed only for the benefit of the dependents, and that under the express provisions of subdivision 2 or section 32, the appellant insurance company was entitled to be subrogated to that cause of action, and to deduct, from the compensation payable by it, the sum actually received by such dependents.

[4] This brings us to the consideration of the question as to whether or not the insurance carrier is to be subrogated to the full amount of $700, or only such sum less the attorney's fee of $280, as shown by the admitted facts.

This question has also received consideration in the courts of New York, where it was determined favorably to appellant's contention. Kabel v. Lane, 196 App. Div. 669, 187 N. Y. Supp. 833; Solomone v. Degnon Co., 194 App. Div. 50, 184 N. Y. Supp. 735.

Section 32 expressly provides that the employer should be entitled to deduct from the compensation payable by him the amount "actually received" by such employee or his dependents, and, further, provides that in case of the death of the employee, if the dependents shall agree to receive compensation from the employer or institute proceedings

to recover the same, or accept from the employer any payment on account of such compensation, such employer or his insurance carrier shall be subrogated to all the rights of such employee or dependents, and may maintain the action, or if it has already been instituted, may continue it, but shall nevertheless pay over to the injured employee or dependents all sums collected from such other party in excess of the amount of such compensation payable, costs, attorneys' fee, and reasonable expenses incurred by such employer in making such collection or enforcing such liability.

The amount "actually received" by the dependents in the instant case was $700, and this amount, according to the New York decision, is proper to be deducted from the compensation payable. The control of the action of the dependents against the third party is placed in the hands of the employer or the insurance carrier, and we think it was clearly the legislative intent that the fund recovered would be free from any lien of counsel for the dependents in a case at least where the recovery against the third party is not such a sum as to leave an excess to be paid over to the dependents. Such was the case here, and we are therefore of the opinion the insurance carrier was entitled to the full amount recovered.

[5] It is insisted by counsel for appellee that if section 32 be given the construction to which we have here written that such section would be unconstitutional as violative of section 45 of the Constitution, in that the title of the act is insufficient in failing to give notice of its substance. The title of the act is as follows:

"Prescribing the liability of an employer to make compensation by way of damages for injuries received by an employee occasioned by an accident arising out of and in the course of his employment and providing for the enforcement of same, modifying common law and statutory remedies, in such cases; establishing an alternative elective schedule of compensation, regulating procedure for the determination of liability and compensation thereunder in certain cases, and prescribing penalties for the violation thereof; and providing for attorneys' fees and for medical and surgical services."

This provision of our Constitution is very fully and amply treated in the case of Ballentyne v. Wickersham, 75 Ala. 533, and this court has frequently stated that the provisions of said section are "not to be exactingly enforced, or in such manner as to cripple legislation. That the title of a bill may be very general, and need not specify every clause in the statute. Sufficient if they are all referable, and cognate to the subject expressed." See, also, the recent case of Wilkinson v. Stiles, 200 Ala. 279, 76 South. 45; Grambs v. City of Birmingham, 202 Ala. 490, 80 South. 874.

The state of Washington has a provision in its Constitution bearing close analogy to section 45 of our Constitution, and we think the title of the Workmen's Compensation Act of that state also bears close analogy to the title of the act here in question. The contention here made was pressed before the Supreme Court of Washington in Peet v. Mills, supra, the court in response thereto saying:

"For these reasons we are of the opinion that the compensation provided by the act in case of injury to any workman in any hazardous occupation was intended to be exclusive of every other remedy, and that all causes of action theretofore existing, except as they are saved by the provisos of the act, are done away with.

"Upon the second point we think there is no room for argument. The first clause of the title indicates that it is an act relating to the compensation of injured workmen in any industry of the state, and the employment of the language further on in the title, 'abolishing the doctrine of negligence as a ground for recovery of damages against employers,' is indicative of the evil the act seeks to overcome rather than the new remedy created. The title is plainly broad enough to indicate that the act is intended to furnish the only compensation to be allowed workmen subsequent to its becoming law, and as such clearly includes any and all rights of action theretofore existing in which such compensation might have been obtained."

[6] It clearly was within the legislative authority to confine the right of recovery as against the third party to the dependents of the employee, and the right of subrogation provided for in the act was but a recognition of that equitable doctrine of subrogation, and this likewise was clearly within the legislative authority. West St. Gas & Electric Co. v. Bayside Lbr. Co., 182 Cal. 140, 187 Pac. 735.

The title of the act gives notice that the Legislature intended to deal fully with the matter of compensation growing out of industrial injuries, even to the extent of changing and modifying common-law and statutory remedies, and we are of the opinion that the title of the act was sufficiently broad to sustain the provisions of section 32, wherein the right of recovery is limited to dependents or employees within the provisions of the act, and whose death resulted or arose out of and in the course of his employment, as well as also the subrogation feature thereof.

Our conclusion is that this constitutional objection is not well taken, and that the provisions of said section are valid. It therefore results that the judgment of the court below is reversed, and judgment will be here rendered in favor of appellant for the full amount of the recovery.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.