CASUALTY COMPANY OF AMERICA, Appellant, Respondent, *v.* A. L.
    SWETT ELECTRIC LIGHT AND POWER COMPANY, Respondent,
    Appellant.

Fourth Department, May 7, 1924.

Workmen's compensation — action by insurance carrier to recover from
    third person for death of employee — Workmen's Compensation Law of
    1914, § 29, authorizing assignment of action to insurance carrier does not
    create new action — interest properly added to verdict by clerk under
    Code of Civil Procedure, § 1904 (now Decedent Estate Law, § 132), from
    employee's death to rendition of judgment — costs on previous appeal
    to Appellate Division properly included in judgment.

Section 29 of the Workmen's Compensation Law of 1914, which authorizes the assign-
    ment to the insurance carrier of a cause of action for the death of an employee,
    which was caused by the negligence of a third person, does not create a new
    cause of action, and, therefore, the clerk of the court was authorized to add interest
    to a verdict in favor of the insurance carrier against the third person, computed
    from the time of the employee's death up to the time of the rendition of the
    judgment, as provided by section 1904 of the Code of Civil Procedure (now
    Decedent Estate Law, § 132).

It was proper to include in the judgment the costs of the previous appeal to the
    Appellate Division which had been taxed by the clerk.

CROSS-APPEALS by the plaintiff, Casualty Company of America,
and by the defendant, A. L. Swett Electric Light and Power Com-
pany, from an order of the Supreme Court, made at the Erie Special
Term and entered in the office of the clerk of the county of Orleans
on the 5th day of September, 1923, as resettled by an order made
on the 20th day of September, 1923.

The plaintiff appeals from so much of said order as directs that
interest on the verdict of the jury in favor of the plaintiff should
be stricken out of the judgment.

The defendant appeals from so much of said order as directs
that five separate items of the costs of a previous appeal to the
Appellate Division should not be stricken out of said judgment.

*Clarence C. Fowler* and *Clarence W. Roberts* of counsel, for the
plaintiff.

*James A. Gosnell* [*Harold J. Adams* of counsel], for the defendant.

HUBBS, P. J.:

James A. Robinson was employed by Matthew A. Ryan in the
business of stone quarrying. Robinson was killed in the course
of his employment on November 4, 1914. He left surviving a
widow and two children under eighteen years of age. The widow
and children elected to accept compensation under the Workmen's
Compensation Law of 1914. (Consol. Laws, chap. 67.) The plain-

tiff, the insurance carrier for Ryan, paid compensation to said dependents and took an assignment from them of their cause of action, as provided by section 29 of the Workmen's Compensation Law of 1914. The plaintiff has recovered a judgment against the defendant on such cause of action. The clerk of the court added to the verdict interest on the verdict from the time of decedent's death up to the time of rendition of the judgment, as provided in section 1904 of the Code of Civil Procedure, now section 132 of the Decedent Estate Law (as added by Laws of 1920, chap. 919).

The Special Term, on motion of the defendant, struck out of the judgment the sum entered therein by the clerk for interest. The learned justice at Special Term relied on the case of *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397) as authority for such decision. The opinion in that case stated that section 29 of the Workmen's Compensation Law of 1914 " provided to the dependents of the employee a cause of action, independent of and not that created by section 1902 [of the Code of Civil Procedure], for the negligently caused death." Under that statement of the law, interest could not be added to the verdict by the clerk, as provided in section 1904 of the Code of Civil Procedure, now section 132 of the Decedent Estate Law, as that section would have no application if a new cause of action had been created by section 29 of the Workmen's Compensation Law of 1914. There is no provision in the Workmen's Compensation Law of 1914 for adding interest to such a verdict. (See, also, Laws of 1916, chap. 622, and Laws of 1917, chap. 705, amdg. said § 29. See, also, Workmen's Compensation Law of 1922, § 29.)

After the decision of the Special Term in this case, the Court of Appeals again had before it the question of whether or not section 29 of the Workmen's Compensation Law of 1914 (as amd. by Laws of 1917, chap. 705) created a new cause of action. In *Matter of Zirpola* v. *Casselman, Inc.* (237 N. Y. 367), it is stated in the opinion: " We think the cause of action against third parties for the benefit of next of kin is unchanged by the Compensation Act except to the extent that the act substitutes the carrier, upon the execution of appropriate assignments, to the distributive shares of next of kin who claim as dependents also. The Compensation Act did not create a new cause of action against wrongdoers other than the employer with a new class of beneficiaries."

The case of *Travelers Ins. Co.* v. *Padula Co.* (*supra*) was referred to in the opinion, and it was pointed out that the statement in the opinion in that case, which the Special Term relied upon in deciding the motion in this case, was dictum only, and the court declined to follow it, but held instead that a new cause of action

was not created by section 29 of the Workmen's Compensation Law of 1914, as amended, but that the cause of action given by section 1902 *et seq.* of the Code of Civil Procedure, now section 130 *et seq.* of the Decedent Estate Law (as added by Laws of 1920, chap. 919), survives. In the light of this last decision of the Court of Appeals, it seems clear that it was the duty of the clerk to add interest to the amount of the verdict, as in any other action brought under section 130 *et seq.* of the Decedent Estate Law.

In *Zirpola* v. *Hoffman, Inc.* (198 App. Div. 1000), decided by the Appellate Division, First Department, the recovery by the plaintiff, with interest added to the verdict by the clerk, was affirmed, without opinion. That is the same case referred to in the opinion of Judge CARDOZO in *Matter of Zirpola* v. *Casselman, Inc. (supra).*

It appears from the opinion in *Kabel* v. *Lane Engineering Co.* (196 App. Div. 669), Third Department, that interest was added by the clerk to the verdict in that case, which was an action brought by virtue of an assignment under section 29 of the Workmen's Compensation Law of 1914 (as amd. by Laws of 1917, chap. 705).

The order of the Special Term, in so far as it directed that the item of interest should be stricken out of the judgment, should be reversed. The part of the order appealed from by the defendant, which directed that the costs of a previous appeal to the Appellate Division, which had been taxed by the clerk and entered in the judgment, should not be stricken out, should be affirmed. (*Franey* v. *Smith,* 126 N. Y. 658.) The order as thus modified should be affirmed, with ten dollars costs and disbursements to appellant.

All concur.

That part of the order striking out interest is reversed, and as so modified the order is affirmed, without costs of this appeal to either party.