(105 So. 187)

**KASULKA v. LOUISVILLE & N. R. CO.**
(8 Div. 727.)

(Supreme Court of Alabama. June 30, 1925.)

1. Commerce ☞27(5)—Test of employment in interstate commerce within federal Employers' Liability Act stated.

Complaint states good cause of action under federal Employers' Liability Act, § 1 (U. S. Comp. St. § 8657), only where it alleges facts showing that employé at time of injury was engaged in interstate transportation or work so closely related to it as to be practically a part of it.

2. Pleading ☞34(4)—Counts based on federal Employers' Liability Act construed strongly against pleader on demurrer.

In action for personal injuries, counts based on federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) must be strongly construed against plaintiff when before court on demurrer.

3. Master and servant ☞256(1)—Counts based on federal Employers' Liability Act demurrable, where averments did not show repairs to locomotive were so related to interstate commerce as to be part thereof.

In action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) for injuries sustained while repairing locomotive, demurrers were properly sustained, where counts did not show that repairs were so closely related to interstate transportation as to be practically part thereof, or that engine was used in interstate transportation before and after repairs, and that interruption of use in interstate hauling was but temporary.

4. Master and servant ☞256(1)—Counts alleging defendant was common carrier engaged in interstate commerce insufficient to state cause of action under federal Employers' Liability Act.

Counts alleging that at time of injury defendant was common carrier, and engaged in interstate commerce, held insufficient to state facts constituting cause of action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), even if sufficient to state cause of action under state Employers' Liability Act (Code 1907, § 3910).

**5. Master and servant ☞365 — State Workmen's Compensation Act held not to cover employé of common carrier while engaged in interstate commerce.**

The Workmen's Compensation Act, § 8, was not intended to apply to employee of common carrier while engaged in interstate commerce, but such employé is within its purview, if not engaged in interstate commerce at time of injuries.

**6. Master and servant ☞401—Counts held demurrable as not conforming with Workmen's Compensation Act or stating facts showing act did not apply.**

In an action for personal injuries sustained when repairing locomotive, counts, which did not conform to the Workmen's Compensation Act, § 28, or state facts showing that such act did not apply to the case, and that state Employers' Liability Act (Code 1907, § 3910), on which counts were founded, applied, *held* demurrable.

Appeal from Circuit Court, Morgan County; James E. Horton, Jr., Judge.

Action for personal injuries by John Kasulka against the Louisville & Nashville Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

G. O. Chenault and Tennis Tidwell, both of Albany, for appellant.

If an employé is engaged at work on an instrumentality of interstate commerce, he is engaged in interstate commerce within the meaning of the federal Employers' Liability Act. Atlantic Coast Line R. Co. v. Jones, 9 Ala. App. 499, 63 So. 693; Id., 12 Ala. App. 419, 67 So. 632; Sou. Ry. v. Peters, 194 Ala. 94, 69 So. 611; L. & N. v. Echols, 203 Ala. 627, 84 So. 827; L. & N. v. Carter, 195 Ala. 382, 70 So. 655, Ann. Cas. 1917E, 292; L. & N. v. Pettis, 206 Ala. 96, 89 So. 202; Mathews v. Alabama Great Sou. Ry., 200 Ala. 251, 76 So. 17; Erie R. Co. v. Collins, 253 U. S. 77, 40 S. Ct. 450, 64 L. Ed. 790. The engine was nevertheless clothed with the character of interstate commerce, though it was being repaired at the time. Pedersen v. Railroad Co., 229 U. S. 146, 33 S. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153; Walsh v. Railroad Co., 223 U. S. 1, 32 S. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Thomas v. Railroad Co., 219 F. 180, 134 C. C. A. 554; Railroad Co. v. Denahy (Tex. Civ. App.) 165 S. W. 529; Gaines v. Railroad Co., 181 Mich. 376, 148 N. W. 397.

Jones & Thomas, of Montgomery, and Eyster & Eyster, of Albany, for appellee.

Pleading must be construed most strongly against the pleader. Crow v. Burtwell, 13 Ala. App. 471, 69 So. 382. The averments of the complaint are not sufficient to show plaintiff was engaged in interstate commerce. B. & O. v. Kast (C. C. A.) 299 F. 421; Ind. Acci. Com. v. Davis, 259 U. S. 182, 42 S. Ct. 489, 66 L. Ed. 888; Scoggins v. Union Pac. (D. C.) 292 F.

163; Erie R. Co. v. Welsh, 242 U. S. 303, 37 S. Ct. 116, 61 L. Ed. 319; L. V. R. Co. v. Barlow, 244 U. S. 183, 37 S. Ct. 515, 61 L. Ed. 1070; M. &. St. L. R. Co. v. Winters, 242 U. S. 353, 37 S. Ct. 170, 61 L. Ed. 358, Ann. Cas. 1918B, 54; I. C. R. Co. v. Peery, 242 U. S. 292, 37 S. Ct. 122, 61 L. Ed. 309; Raymond v. C., M. & St. P. R. Co., 243 U. S. 43, 37 S. Ct. 268, 61 L. Ed. 583. A railroad employé is within the purview of the Workmen's Compensation Act, if not engaged in interstate commerce at the time of injury. Code 1923, § 7546; Steagall v. Sloss Co., 205 Ala. 100, 87 So. 787; Ex parte L. & N., 208 Ala. 216, 94 So. 289; 28 R. C. L. 727; New York Cent. R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629; Nevich v. D., L. & W. R. Co., 90 N. J. Law, 228, 100 A. 234, L. R. A. 1917E, 847; Erie v. Winfield, Ann. Cas. 1918B, 664.

MILLER, J. The appellant, John Kasulka, sues the appellee, the Louisville & Nashville Railroad Company, to recover damages for personal injuries received by him as an employé. There are six counts in the complaint. The demurrers of the defendant were sustained by the court to all of the counts. The plaintiff declined to plead further. The court then rendered judgment that defendant go hence and recover of the plaintiff all costs for which execution may issue. This appeal is prosecuted from that judgment, and the several rulings of the court sustaining the demurrers of the defendant to each count of the complaint are the errors separately assigned and argued by appellant.

The appellant in brief states, and, we think, correctly, that counts numbered 1, 2, and 3 are drawn under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), and the question presented is, Do they, or either of them, meet by the averments therein the requirements of the statute. Do they each state a good cause of action under this federal act? That part of the federal Employers' Liability Act, appearing as section 8657 (Act of April 22, 1908, c. 149, § 1) U. S. Compiled Statutes 1916, applicable to this cause reads as follows:

"Every common carrier by railroad while engaging in commerce between any of the several states or territories * * *, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

[1] The true test under these counts is, "Was the employé at the time of the injury engaged in interstate transportation or in

work so closely related to it as to be practically a part of it?" Shanks v. Delaware, etc.. R. Co., 239 U. S. 556, 36 S. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797; Industrial Accident Comm. v. Davis, 259 U. S. 182, 42 S. Ct. 489, 66 L. Ed. 891.

It appears from each of the counts, 1, 2, and 3, that the plaintiff was an employé of the defendant at the time of the injury, being employed as a helper in its shops at Albany, Ala. He was engaged in work on an engine of defendant, rolling flues in the engine by means of an air motor, which air motor was defective, and by reason thereof he was injured; and this engine theretofore and thereafter was used by defendant in interstate commerce. These counts fail to allege when the engine was used by the defendant in interstate hauls, before and after it was placed in the shops for repairs. This is necessary to determine whether the engine was or was not definitely withdrawn from interstate service by defendant. Industrial Accident Comm. v. Davis, 259 U. S. 182, 42 S. Ct. 489, 66 L. Ed. 888.

[2] These counts are before us on demurrer; and when so presented they must be construed most strongly against the plaintiff. T. C. I. & R. Co. v. Smith, 171 Ala. 251, 55 So. 170; 10 Michie's Dig. 1005, § 22 (1) and (2).

[3] The defendant had a shop in Albany, Ala., where repairs were made on engines. This engine was placed there for repairs. The flues were being rolled by means of an air motor. This means more than one flue needed repairs, and that the engine at the time was out of actual service in interstate commerce, and the work of the plaintiff was local. From the averments of these counts it appears this engine was removed from actual interstate commerce service into a repair shop of defendant for repairs, heavy repairs, a rolling of the flues therein by means of air motor located in the shops. The engine from the averments of the bill was placed in the shop for repairs, which was a new relation. Repair shops form a necessary part in interstate commerce, but they are not immediate to it. This engine appears by the counts to be separated from interstate commerce, for needed repairs, which required it to be dismantled and its flues rolled; all of which required time. This withdrew it from actual interstate service. It may have required weeks or months to make the repairs. The burden was on the plaintiff to aver facts in each count showing that this engine was temporarily "interrupted in an interstate haul to be repaired and go on," or facts of similar import. in order to make out a cause of action under the federal Employers' Liability Act. These counts should affirmatively show these repairs, being made in this shop on this engine, were so closely related to interstate transportation as to be practically a

part of it. This it failed to do in each count, which rendered the counts numbered 1, 2, and 3 subject to the demurrers of the defendant. This is sustained by the opinion of the United States Supreme Court in Industrial Accident Comm. v. Davis, 259 U. S. 187, 42 S. Ct. 491, 66 L. Ed. 892; which reads in part as follows:

"The federal act gives redress only for injuries received in interstate commerce. But how determine the commerce? Commerce is movement, and the work and general repair shops of a railroad, and those employed in them, are accessories to that movement—indeed, are necessary to it; but so are all attached to the railroad company—official, clerical, or mechanical. Against such a broad generalization of relation we, however, may instantly pronounce, and successively against lesser ones, until we come to the relation of the employment to the actual operation of the instrumentalities for a distinction between commerce and no commerce. In other words, we are brought to a consideration of degrees, and the test declared, that the employé, at the time of the injury, must be engaged in interstate transportation or in work so closely related to it as to be practically a part of it, in order to displace state jurisdiction and make applicable the federal act. And there is a difference in the instrumentalities. In some, the tracks, bridges, and roadbed and equipment in actual use, may be said to have definite character, and give it to those employed upon them. But equipment out of use, withdrawn for repairs, may or may not partake of that character, according to circumstances; and among the circumstances is the time taken for repairs—the duration of the withdrawal from use. Illustrations readily occur. There may be only a placement upon a sidetrack or in a roundhouse—the interruption of actual use, and the return to it, being of varying lengths of time; or there may be a removal to the repair and construction shops, a definite withdrawal from service and placement in new relations—the relations of a workshop—its employments and employés having cause in the movements that constitute commerce, but not being immediate to it.

"And it is this separation that gives character to the employment, as we have said, as being in or not in commerce. Such, we think, was the situation of the engine in the present case. It was placed in the shop for general repairs on December 19, 1918. On February 25, 1919, after work upon it, it was given a trial, and it was placed in service on March 4, 1919. The accident occurred on February 1st of that year, the engine at the time being nearly stripped and dismantled. 'It was not interrupted in an interstate haul to be repaired and go on.' Minneapolis & St. L. R. Co. v. Winters, 242 U. S. 353, 356, 37 S. Ct. 170, 61 L. Ed. 358, Ann. Cas. 1918B, 54, 13 N. C. C. A. 1127; Chicago, K. & S. R. Co. v. Kindlesparker, 246 U. S. 657, 38 S. Ct. 425, 62 L. Ed. 925."

The opinion of this court in Birmingham Belt R. Co. v. Ellenburg, ante, p. 146, 104 So. 269, sheds light on this subject.

Count 4 is based on subdivision 1 of the state Employers' Liability Act, and its aver-

ments may be sufficient to state a cause of action thereunder. This is not necessary for us to decide. Section 3910, Code 1907; St. L. R. Co. v. Phillips, 165 Ala. 504, 51 So. 638.

Count 5 is drawn under subdivision 3 of the state Employers' Liability Act (section 3910, Code 1907); and the averments may be sufficient to state a cause of action thereunder (Reiter, etc., Mfg. Co. v. Hamlin, 144 Ala. 192, 40 So. 280). This we need not decide.

Count 6 may state, as contended by appellant, a cause of action under the common-law duty of a master to furnish his servant with reasonably safe tools and appliances to do his work; but we need not discuss and decide this question, which is not presented. Gray, etc., Coal Co. v. Lewis, 161 Ala. 415, 49 So. 859.

[4] Each of these counts, 4, 5 and 6, contain in substance this averment:

"That at the time of the wrongs and injuries herein complained of, the defendant was a common carrier and then engaged in interstate commerce."

These and other averments in these counts relative to interstate commerce are insufficient to state a cause of action in either of the counts against the defendant under the federal employer's liability statute. Neither count avers facts showing plaintiff, when injured, was engaged in interstate transportation or any work so closely related to it as to be practically a part of it; and neither count states a cause of action under this federal employer's liability statute. Authorities supra.

We find the following general rule in 28 R. C. L. 727, headnotes 18 and 19:

"It has been definitely settled by the United States Supreme Court that railroad employés or their representatives cannot recover under a state Workmen's Compensation Act for injuries or death arising out of acts connected with their employment in interstate commerce. On the other hand, a railroad employé is within the purview of a Workmen's Compensation Act if at the time of the injury he is not engaged in interstate commerce within the meaning of the federal Employers' Liability Act."

[5] The Workmen's Compensation Act of this state was intended not to, and does not, apply to employés of a common carrier while engaged in interstate commerce. Section 8, Act 1919, Gen. Acts 1919, p. 208. But an employé of a common carrier, unless otherwise excepted by the Workmen's Compensation Act from its operation, is within the purview of it, "if at the time of the injury, he is not engaged in interstate commerce within the meaning of the federal Employers' Liability Act." N. Y. Cent. R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629; 28 R. C. L. 727, headnotes 18, 19; Ga. Cas. Co. v. Haygood, 210 Ala. 56, 97 So. 87; Steagall v. Sloss-Sheffield Steel & Iron Co.,

205 Ala. 100, 87 So. 787; Gen. Acts 1919, § 8, p. 208.

[6] Neither of these counts, 4, 5, or 6, even attempts to comply by their averments with the requirements of the Workmen's Compensation Act, as declared in section 28 thereof, appearing on page 227 of the Acts of 1919. These counts should have conformed to this statute, or they should have stated facts showing it did not apply, and that the law on which the counts are founded applied. This each count failed to do, which rendered each subject to the demurrers of the defendant. This court in Steagall v. Sloss-Sheffield, 205 Ala. 100, 87 So. 787, held and wrote:

"We therefore hold that when a suit is brought by an employé against the employer for injuries arising since our Workmen's Compensation Law became effective, the complaint should conform to said law, else set up a state of facts showing the inapplicability of same and bringing it within the influence of the law upon which the complaint is grounded and upon which reliance is had for a recovery."

This injury of plaintiff was received on March 8, 1921, and the Workmen's Compensation Act was approved August 23, 1919, and went into effect from and after the 1st day of January, 1920. Section 38, p. 239, Gen. Acts 1919. The principle declared above in Steagall v. Sloss-Sheffield applies to these counts, 4, 5, and 6, of this complaint; and the trial court did not err in sustaining the demurrers of the defendant to each of them. See, also, Ga. Cas. Co. v. Haygood, 210 Ala. 56, headnote 2, 97 So. 87.

The trial court did not err in sustaining defendant's demurrers to each count of the complaint, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.