# Birmingham, Ensley & Bessemer R. R. Co. *v.* Williams.

## *Damage for Injury by Fire.*

(Decided November 7, 1914.  66 South. 653.)

1. *Street Railways; Injuries; Cutting Water Supply.*—The only condition on which recovery can be had against a street railroad by one who lost goods in a burned building, the car being run across a hose carrying water to extinguish the fire, is that the fire would have been extinguished in time to have saved said goods, had the efforts of the fireman not been impeded by the negligence of the street railroad company in running over the hose.

2. *Same; Evidence.*—Where the complaint charged that the company wilfully and negligently ran its cars upon a hose which was carrying water to a burning building wherein plaintiff lost certain goods by fire, a municipal ordinance providing a penalty for wilfully and maliciously driving a vehicle upon a hose is relevant.

3. *Same.*—The fact that the jury found with defendant as to the counts charging wantonness, does not render erroneous the admission of a municipal ordinance providing a penalty for wilfully and maliciously driving across a hose.

4. *Same; Negligence; Complaint.*—Where the complaint showed that the company was bound not to interfere with the firemen in their efforts to extinguihs a fire by which plaintiff suffered loss of goods, the complaint may allege negligence in general terms.

5. *Same; Instructions.*—Where plaintiff asserted a loss by fire caused by interference by the servants of a street railway company with the firemen in their efforts to extinguish the fire, and there was evidence that a street car of defendant, after being negligently run upon the fire hose was stopped there, a charge directing a verdict for defendant, if its servants were not negligent in running the car on the hose, was properly refused.

6. *Evidence; Opinion.*—A fireman present at the fire, and familiar with the conditions prevalent at the time was qualified to testify as an expert that if the car had not been run on the hose, the fire could have been extinguished, and the loss avoided.

7. *Witnesses; Competency; Discretion.*—The admission of the testimony of a person claimed to be non compos mentis will not be held error in the absence of the showing of an abuse of the discretion lodged in the court.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by E. M. Williams against the Birmingham, Ensley & Bessemer Railroad Company, for damages for permitting property to be destroyed by fire. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals. Affirmed.

The charge made the basis of the sixth assignment of error is as follows: The following charge refused to defendant in writing:

"If you are reasonably satisfied from the evidence that the person in charge of the hose signaled to the motorman to proceed, or that he made a signal which the motorman was justified in regarding as a signal to proceed, and that in response to said signal he allowed the car to proceed in a reasonable manner until the hose was suddenly brought on the track, if you so find, and that the motorman thereupon used all reasonable

means in his power to stop the car, your verdict must be for defendant."

FORNEY JOHNSTON, and W. R. C. COCKE, for appellant.

SMITH & WILKINSON, for appellee.

DE GRAFFENRIED, J.—The plaintiff, E. M. Williams had some personal property stored in a room in the city of Birmingham. The building in which the plaintiff's property was stored was destroyed by fire, and the plaintiff's property was burned up, along with the building. In its efforts to save the building in which the plaintiff's goods were stored, the fire department of the city of Birmingham attached a hose to a fire plug. Between this fire plug and the building the defendant, Birmingham, Ensley & Bessemer Railroad Company, had a car line which was imbedded in and formed a part of a street. The hose, therefore, ex necessitate, crossed the roadbed of the defendant; and the plaintiff claims—and there was evidence sustaining his contention—that while the hose was in this position, placed there for the purpose of conveying water to be used in extinguishing the fire, a car of the defendant was negligently run over or across the hose, cutting a hole in it, or that, if the car was not negligently run over the hose, it was, *after* it was run upon the hose, permitted to stop and remain upon the hose, and that by reason of this negligence of the defendant, the firemen were so greatly delayed in getting water to the building that it was destroyed by fire and that thereby, through the negligence of the defendant, the plaintiff was caused to lose his property.

(1) The jury in this case returned a verdict for the plaintiff. To arrive at that verdict it was necessary

for them to find that the efforts of the firemen, unimpeded by the negligent act or acts of the defendant's servants in control of the car, would have saved from destruction that part of the building in which the plaintiff's property was stored; and, as this was the finding of the jury, their verdict rests upon a substantial legal basis. The reasons for this holding are well stated in *Louisville & Nashville Railroad Co. v. Scruggs & Echols,* 161 Ala. 97, 49 South. 399, 23 L. R. A. (N. S.) 184, 135 Am. St. Rep. 114, 18 Ann. Cas. 507, and in *Metallic Compression Casting Co. v. Fitchburg Compression Railroad Co.,* 109 Mass. 277, 12 Am. Rep. 689.

In this connection it may not be inappropriate to say that, in our opinion, subdivision 9, pages 496, 497, and 498, of 29 Cyc., and the authorities cited in the notes to that subdivision, correctly state the law as applied to the evidence upon which, in this case, the plaintiff relied for a recovery.

(2) 1. The rule seems to be well settled in this state that when a complaint shows facts which impose a *duty* upon the defendant to *act,* then the negligent failure of the defendant to act in accordance with his duty may be averred in general terms.—*Western Railway of Alabama v. McGraw,* 183 Ala. 220, 62 South. 772.

The complaint shows by its allegations that the defendant was under a duty not to delay the firemen in their efforts to save the building in which the plaintiff's property was situated. The general averments of negligence in the complaint were therefore sufficient. —*Western Ry. of Ala. v. McGraw, supra.*

(3) 2. After a careful consideration of the record we are of the opinion that the trial court committed no error in refusing to give the charge which is made the basis of the sixth assignment of error. This charge

ignores that phase of the evidence tending to show that the servants in charge of the car negligently delayed the firemen by stopping the car upon the hose and remaining there.

(4, 5) 3. There were counts in the complaint charging that the negligence of the defendant on the named occasion was wanton. Referable to those counts, the evidence of the ordinance of the City of Birmingham, providing a penalty for "unlawfully, willfully, or maliciously driving a vehicle across a hose," was not irrelevant.—*L. & N. R. R. Co. v. Loyd,* 186 Ala. 119, 65 South. 153; *Yarbrough v. Carter,* 179 Ala. 356. 60 South. 83. The jury, by their verdict, indicated that they found with the defendant on the counts charging wantonness, but this finding of the jury in no way affected the relevancy of the ordinance in so far as the counts charging wantonness are concerned.

(6) 4. The trial judge, against the objection of the defendant, permitted some of the firemen who were present, aiding in the endeavor to save the building, and whose testimony showed that they went into the building and knew of its size, the character of the material out of which it was built, and the point to which the fire had reached when the car ran upon the hose, to testify that, in their opinion, but for the interruption which was occasioned by the defendant, the building would have been saved and the destruction of the plaintiff's property avoided. The witnesses who testified to these opinions were experts, and their opinions were based upon their own personal knowledge of the conditions which surrounded the building when the defendant's car ran upon the hose. They knew the size of the hose, the pressure of the water at that point, the progress that the fire had made, and the time which was consumed before the building was finally destroyed.

[Birmingham, Ensley & Bessemer R. R. Co. v. Williams.]

They showed by their evidence that their vocation in life was extinguishing fires, and we think that this evidence was admissible and relevant.—*Walker v. State*, 58 Ala. 393; Jones on Evidence, §§ 375, 366.

The case of *First National Bank of Portland v. Fire Association of Phildelphia*, 33 Or. 172, 53 Pac. 8, is a well-considered case upon this subject, and furnishes the reasons upon which we base the above conclusion.

5. In our opinion there was evidence in this case upon which the jury, if they believed it—and they seem to have done so—had a right to find that the negligence of the defendant contributed proximately to the destruction of the plaintiff's property, and we are of the opinion that the trial court committed no reversible error during the trial, and that therefore the judgment of the trial court should be affirmed.

(7) We are aware of the fact that one of the witnesses who testified on behalf of the plaintiff was a man who it is claimed is non compos mentis. It must be remembered, however, that the trial judge had this witness before him, and saw him and heard him when he testified. The trial judge was better able to judge of his mental capacity than we are, and we cannot say that in permitting him to testify the trial judge was guilty of a palpable abuse of the discretion which the law placed in him.—*Randall Woods v. State*, 186 Ala. 29, 65 South. 342.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.