(79 South. 513)

LOUISVILLE & N. R. CO. v. DUNCAN.
(6 Div. 380.)

(Court of Appeals of Alabama.    May 7, 1918. Rehearing Denied June 11, 1918.)

1. NEGLIGENCE ☞134(1) — DELAYING FIRE DEPARTMENT UNREASONABLE TIME — EVIDENCE.

In action for damages arising from the act of defendant railroad in blocking a crossing with its train for an unreasonable time, so that fire department could not save plaintiff's property, evidence *held* to warrant jury finding that obstruction of crossing for 4½ minutes was unreasonable.

2. NEGLIGENCE ☞134(11)—PROXIMATE CAUSE —EVIDENCE.

Evidence *held* to support jury finding that loss of plaintiff's goods by fire resulted from negligence of defendant railroad company from obstructing crossing for unreasonable time so that fire department could not get to the fire.

3. SALES ☞481 — CONDITIONAL SALES — DESTRUCTION OF PROPERTY BY THIRD PERSON—RIGHT OF BUYER.

Plaintiff, who had only partially paid for household goods, seller retaining title until purchase price was paid, had such special property as would authorize an action in his name against a third person for their negligent destruction.

4. NEGLIGENCE ☞108(1)—PLEADING—DEFINING QUO MODO—NECESSITY. ·

Where the gravamen of the complaint is the alleged misfeasance or nonfeasance of the defendant, it is not necessary to define the quo modo of the negligence complained of.

5. NEGLIGENCE ☞108(1)—PLEADING—SUFFICIENCY. .

A complaint alleging that one of defendant's trains extended across and obstructed a crossing, so-as to delay passage of firemen in their run to fire, *held*, when coupled with allegations that defendant negligently delayed firemen on their route to fire, to sufficiently allege that defendant was guilty of negligence in blocking crossing for an unreasonable time.

Appeal from City Court of Bessemer; J. C. B. Gwin, Judge.

<hr>

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by W. M. Duncan against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charges were refused to defendant:

(7) If you believe the evidence in this case, you cannot award plaintiff any damages for the loss of the matting destroyed by fire..

(8) Same as 7, except it refers to two art squares.

(9) Same as 7 except that it refers to a sewing machine.

The action is for damages resulting from the burning of certain household goods alleged to have been caused from the fact that one of the defendant's freight trains blocked a crossing for an unreasonable length of time, thereby preventing the fire department from saving plaintiff's property.

Tillman, Bradley & Morrow and T. A. McFarland, all of Birmingham, and T. T. Huey, of Bessemer, for appellant. Goodwyn & Ross, of Bessemer, for appellee.

SAMFORD, J. [1, 2] The evidence for plaintiff tended to show that he was the owner of certain personal property contained in his residence in the city of Bessemer, Ala.; that the house next to the house in which he lived caught afire; that the alarm was turned in to the city fire department; that the department responded promptly; that the fire truck was a motor truck, which ran very rapidly; that within a few blocks of the house the fire truck was forced to cross the tracks of the defendant at a regular street crossing; that at this crossing the fire truck was stopped by a freight train that had just pulled across the street; that the chief of the fire department attempted to get the trainmen to clear the street so that the truck could proceed to the fire; that the trainmen refused to make any effort to clear the crossing; that the chief of the fire department told the trainmen that the fire truck was going to a fire; that the engineer was sitting in his cab window looking towards the fire truck; that the delay caused by the obstruction was about 4½ minutes; that but for the delay the property of the plaintiff would have been saved from burning.

(1–6) Some of the foregoing facts were denied by defendant's witnesses, thereby presenting an issue for the jury. The first, second, third, fourth, fifth, and sixth assignments of error present the question as to whether or not the appellee was entitled to recover in this case on the evidence presented, and all present the same question. We recognize the principle of law, as expressed in the maxim, "Damnum absque injuria," as laid down in Cooley on Torts, p. 851, and affirmed in the case of L. & N. v. Scruggs & Echols, 161 Ala. 97, 49 South. 399, 23 L. R. A. (N. S.) 184, 135 Am. St. Rep. 114, but we are of the opinion that the rule of, "Sic utere tuo ut alienum non lædas," is not applicable to the case at bar. In the L. & N. Case, supra, the use of the property was passive, and therefore the defendant was guilty of no negligence in the exercise of its rights resulting in injury to plaintiff's property. But in this case the defendant owed the plaintiff the duty not to obstruct a public street for an unreasonable time, when it knew a fire truck was being delayed on its way to a fire, and what was an unreasonable time was under all the facts a question for the jury. Four and one-half minutes under some circumstances would be a short time, a reasonable time, but when a man's house is afire, 4½ minutes is a long, long time to wait for assistance. The use of defendant's track, blocking a public street for 4½ minutes under ordinary circumstances would be a reasonable time, and therefore would be a passive use, in the exercise of which, it could not be made liable, but when the defendant continues to obstruct the street after the lapse of a reasonable time, taking into consideration all the facts and circumstances existing as to what constitutes a reasonable time, it becomes active use, and if then used in derogation of plaintiff's rights, and damage occurs as a proximate consequence, the defendant would be liable. L. & N. v. Scruggs et al., 161 Ala. 100, 49 South. 399, 23 L. R. A. (N. S.) 184, 135 Am. St. Rep. 114; Amer. S. & T. P. Co. v. Pittsburgh L. E. Ry. Co., 143 Fed. 789, 75 C. C. A. 47, 12 L. R. A. (N. S.) 382, 6 Ann. Cas. 626; B. E. & B. v. Williams, 190 Ala. 53, 66 South. 653. In order for the jury to find for the plaintiff in this case, it was necessary for them to find that the crossing was obstructed for an unreasonable time; that the efforts of the firemen, unimpeded by the negligent acts of defendant's servants in control of the train, would have saved from destruction the plaintiff's property. There was evidence from which the jury could so find.

[3] (7–9) If the evidence showed that the matting, rugs, and sewing machine had been only partly paid for, and the seller had retained title until the purchase price was fully paid, the plaintiff did own such a special property in the articles as would authorize an action in his name against a third person for their negligent destruction. Montgomery Gaslight Co. v. M. & E. R. R. Co., 86 Ala. 372, 5 South. 735, and authorities cited on page 382. For the above reason, charges 7, 8, and 9 as requested by defendant were properly refused.

(10) The complaint, which was in one count, omitting the formal parts and the description of the property, was as follows:

"And plaintiff says that a house in which he resided and which contained the personal effects and household furniture of plaintiff at No. 2821 on Twelfth avenue, in said city of Bessemer, caught on fire, and the firemen of the fire department of said city were going to said fire with a large fire truck for the purpose of putting out said fire, and while said firemen with

said fire truck were going to said fire along Eighth avenue, a public thoroughfare of said city of Bessemer, one of defendant's said trains extended across and obstructed said Eighth avenue so as to delay for a considerable time the passage of the said firemen and motor truck along said Eighth avenue in their run to said fire, and when said fire was finally reached by said firemen with said truck it was too late to save plaintiff's said personal effects and household furniture, but the same were then and there destroyed by said fire. * * *

"And the plaintiff says that his said damage was proximately caused by the negligence of defendant, in this: That defendant negligently delayed the said firemen with said truck in their passage along said Eighth avenue en route to said fire. And plaintiff says that, except for defendant's said negligent delay of said firemen with said fire truck, the said firemen with said fire truck would have reached said fire quicker than they did, and would have saved plaintiff's said personal effects and household furniture from destruction by said fire, and plaintiff's said damage would have been avoided."

[4] It has become a rule, well settled by numerous decisions of this court and the Supreme Court of this state, so as to need no further discussion, that where the gravamen of the complaint is the alleged misfeasance or nonfeasance of the defendant, it is not necessary to define the quo modo of the negligence complained of. Southern Ry. Co. v. Crawford, 164 Ala. 178, 51 South. 340; L. & N. v. Marbury, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; Armstrong v. Montgomery St. Ry. Co., 123 Ala. 233, 26 South. 349.

[5] It is alleged in the complaint in general terms that the defendant negligently delayed the firemen with the truck in their passage along Eighth avenue en route to the fire, and this was coupled with an averment that one of defendant's trains extended across said Eighth avenue so as to delay for a considerable time the passage of said firemen, etc. In delivering the opinion in the case of Southern Ry. v. Crawford, supra, Mr. Justice Sayre says:

"Count 4 differs from count 1 only in that it qualifies the allegation that the 'defendant negligently ran an engine' by the additional averment that the engine was run 'at a rapid rate of speed.'"

And he then proceeds to say:

"It is not to be declared defective under the rule that the sufficiency of a complaint in an action for personal injuries which undertakes to define the particular negligence which caused the injury must be tested by the special allegations in that respect. In other words, the allegation that the train was run at a rapid rate of speed is not put in apposition to a general charge of negligence. Rather, the act particularly alleged to have been done is characterized generally as having been negligently done. This characterization supplies every element necessary to make the rapid running of a train negligence."

And again, in the same opinion:

"There are conditions under which it may constitute negligence to maintain a rapid rate of speed in the movement of a railroad train, and those conditions are supplied in the count by the averment that defendant's train was negligently moved at a rapid rate of speed."

We might aptly paraphrase the foregoing reasoning of the learned justice in this opinion as applied to the present complaint. It is alleged that defendant negligently delayed the said firemen with said truck in their passage along said Eighth avenue en route to said fire, which is preceded by an allegation that one of defendant's trains extended across and obstructed the avenue so as to delay the truck for a considerable time. There are conditions under which it may constitute negligence to delay firemen at a street crossing for a considerable time, and those conditions are supplied in the count by the averment that the defendant negligently delayed the firemen, etc.

The reasoning of the justice in the case of Southern Ry. v. Crawford, supra, seems to us both applicable and unanswerable. We therefore hold that the count was not subject to the demurrer. Besides, it will be seen by a reading of the general charge of the court that the judge trying the case so construed the complaint, in that he charged the jury that the complaint alleged that the defendant was guilty of negligence in blocking the crossing for an unreasonable length of time.

For the reasons above stated, the motion for a new trial was properly overruled. We find no error in the record, and the judgment is affirmed.

Affirmed.