## Ex parte AMERICAN BLAKESLEE MFG. CO. (6 Div. 446.)

(Court of Appeals of Alabama. Jan. 22, 1924.)

Master and servant ☞385(1)—Injury to eye not impairing earning ability held not compensable; "member."

The entire Workmen's Compensation Acts 1919, p. 206, and especially section 13, subd. c, providing that in case of injury to a "member" resulting in less than total loss of its use, not otherwise compensated. in the schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for total loss or total loss of use of the member which the extent of the injury to the member bears to its total loss, contemplates recovery for inability to earn only, and injury to claimant's eye caused by a piece of emery from an emery wheel used in his work, leaving a scar on the cornea slightly impairing his vision but not his earning power, was not compensable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Member.]

Certiorari to Circuit Court, Jefferson County; Richard V. Evans, Judge.

Petition of the American Blakeslee Manufacturing Company for certiorari to the circuit court of Jefferson County, to review and revise the judgment there rendered in a proceeding by G. B. Eckles against the American Blakeslee Manufacturing Company under the Workmen's Compensation Act. Writ awarded; reversed and rendered.

Brenton K. Fisk, of Birmingham, for appellant.

The finding of the trial court has no support in the testimony, and there was no jurisdiction to make it. Int. Harvester Co. v. Ind. Comm., 157 Wis. 167, 147 N. W. 53, Ann. Cas. 1916B, 330; Keyworth v. Atl. Mills, 42 R. I. 391, 108 Atl. 81, 8 A. L. R. 1322.

William F. Spencer, of Birmingham, for appellee.

Counsel argue that there is no error in the findings of the trial court, but without citing authorities.

SAMFORD, J. An original petition was filed in the circuit court by an employee (respondent here), asking an award for injury, as is provided under the Workmen's Compensation Act. Acts 1919, p. 206. On the trial the trial judge made the following finding of facts and award, to wit:

"This case was submitted on the petition, answer and the testimony of witnesses. The only issues in the case were whether plaintiff's injuries amounted to disability within the meaning of the Workmen's Compensation Act and, if they amount to disability the extent thereof.

"The evidence showed, without contradiction, that on Friday, April 6, 1923, the petitioner, after he had finished his work, discovered an irritation of one of his eyes, due to some foreign substance which had lodged in it during the day.

"The next morning before going to his regular employment. he went to a physician, who found a small piece of emery at the inner and upper edge of the cornea of the eye. This substance had lodged there from an emery wheel which the petitioner had used in his regular work for the defendant. The physician administered a local anæsthetic and removed the foreign substance, thereafter treating the eye two or three times to prevent infection.

"The injury caused a small scar to form at the extreme edge of the cornea, so that, whenever the petitioner was in a place sufficiently darkened for the pupil to be well dilated, he noticed a small blurred spot considerably above and to one side of any object toward which he directed his vision.

"The scar at the time of trial had cleared up to such an extent that it could not be detected by an eye specialist, who examined the petitioner in a good light in the courtroom but without the use of lenses or instruments.

"However, soon after the injury was received, petitioner commenced to notice a small dark spot about the size of a pinhead and apparently about 14 inches from the injured eye, somewhat to one side of the center of vision. This spot appeared only when he was looking at some object in a strong light. His work is all in doors, and petitioner's testimony contained the clear admission that this small dark spot in no manner interfered with or hindered him in his occupation. He never lost any time from his employment on account of the injury and was receiving at the time of the trial from a new employer five cents an hour more than he had received from the defendant. The eye specialist testified positively that the spot of which the petitioner complained was due to disease or eye strain and could not possibly have been the result of the injury.

"The court finds, from the evidence aforementioned, that the dark spot which appeared soon after the injury was due thereto as a proximate consequence and constituted an impairment of vision amounting to a partial disability of the eye. There being no evidence of the extent of the disability other than herein stated, the court finds the eye to be partially disabled to the extent of 5 per cent. It is admitted in the answer to the petition that petitioner's average weekly earnings, at the time of the injury were in excess of $24. It also appears to the court that petitioner's attorney, William F. Spencer, is entitled to the maximum compensation (10 per cent.) fixed by the statute.

"Accordingly, it is hereby adjudged that judgment be and hereby is rendered in favor of the petitioner and against the defendant for five weeks' compensation at the rate of $12 per week. Inasmuch as more than five weeks have elapsed since said injury was received, the defendant is ordered and directed to pay immediately the entire amount of said compensation, namely, $60, into court for the defendant in a lump sum.

"It is further adjudged and ordered that out of said sum the said William F. Spencer shall be paid for his services in this case $6, and, further, that the costs shall be paid by the defendant, for all of which execution may be issued."

The points at issue, as presented by the present proceedings, involve a construction of the following clause in subdivision (c), § 13, Acts 1919, pp. 206–213, which reads as follows:

"In cases of permanent disability due to injury to a member resulting in less than total loss of use of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of the injury to the member bears to its total loss."

"Member," as used in the foregoing quotation, of course, refers to a member of the human body, the names of which, including the eye, had already been named in the section from which the quoted clause is taken. Taking the entire act into consideration, and especially section 13 with all its subdivisions, it will be seen that damages to be awarded are in every instance based upon earnings, and nowhere in the act is provision made for physical pain and suffering. In Irons v. Davis, 2 Q. B. (Eng.) 330, a workman lost the top joint of his left thumb, which incapacitated him for work for a certain period. Subsequently he returned to work at the same rate of wages. Upon appeal, it was held there was no evidence to justify an award other than for the period of incapacity. In Pomphroy v. Southwork Press, 1 K. B. (Eng.) 86, it was held that the test to be applied is the difference between the amount of the average earnings before the accident and the average amount which the workman is able to earn after the accident. To the same effect is the decision in Baird v. McWhinnie, 1 B. W. C. 109; Cater v. Grand Trunk R. Co., 18 Rev. de Jur. (Can.) 27. In Booth v. Ness (1903) 6 Sc. Sess. 5th Series, 168, it was held:

"A workman is not entitled to payment for a time during which he was earning full wages."

To the same effect are the decisions of many other cases in the English, Scottish, and Canadian courts, from whence the workmen's compensation acts come. Our act is not literally the English act, but the principle of compensation is the same. Under an act with similar provisions as to compensation, the Supreme Judicial Court of Massachusetts takes the same view. Rices' Case, 229 Mass. 325, 118 N. E. 674, Ann. Cas. 1918E, 1052. In none of the adjudicated cases examined by us (none have been cited by appellee) have we been able to find a different view. The universal rule seems to be to compensate the in-

jured employee for inability to earn, caused by the accident, and perhaps this principle furnishes the only just basis of the law.

In the present case, measured by the terms of the statute, the finding and judgment of the trial judge was error. Writ of certiorari is ordered to issue ordering the judge of the Tenth judicial circuit to dismiss the original petition for compensaton.

Writ awarded.