(99 South. 791)
SLOSS–SHEFFIELD STEEL & IRON CO. v. GREEK. (6 Div. 994.)

(Supreme Court of Alabama. April 10, 1924.)

1. Constitutional law ⬥322—Master and servant ⬥351—Action ex delicto by servant for failure to pay compensation after demand held not maintainable.

The remedies of an injured servant provided in Workmen's Compensation Act, § 8 et seq., are exclusive, and, aside from section 10½, failure of prompt payment, or delay therein, regardless of improper motive, did not give an injured servant a right of action ex delicto, notwithstanding Bill of Rights, § 13, guaranteeing a remedy for every injury.

2. Action ⬥7—Act, with bad intent, not actionable unless injury caused.

An act not amounting to legal injury cannot be actionable because done with bad intent.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for damages by Fred H. Greek against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Tillman, Bradley & Baldwin, of Birmingham, for appellant.

The remedy provided in the Workmen's Compensation Act is exclusive of all others by the employé against the employer. Acts 1919, pp. 209, 227, §§ 10½, 28; Steagall v. Sloss-Sheffield Steel Iron Co., 205 Ala. 101, 87 South. 787; Hyett v. N. W. Hospital, 147 Minn. 413, 180 N. W. 552. The duty to pay compensation exists because of contract, and an action for failure to pay is ex contractu. 1 Honnold, Workmen's Comp. § 22; Rongo v. Waddington, 87 N. J. Law, 395, 94 Atl. 408; Rogers v. Rogers, 70 Ind. App. 659, 122 N. E. 778; Drennen Motor Co. v. Evans, 192 Ala. 150, 68 South. 303; Higdon v. Kennemer, 120 Ala. 193, 24 South. 439; Chaffee v.

U. S., 18 Wall. 516, 21 L. Ed. 908. Punitive damages are not recoverable for breach of a contract to pay money. 13 Cyc. 113; Code 1907, §§ 4620, 4621; W. U. Tel. Co. v. Rowell, 153 Ala. 295, 45 South. 73; Howard v. Taylor, 90 Ala. 241, 8 South. 36; 8 R. C. L. 604; 3 Elliott on Contr., § 2124; Rose's Ex'rs v. Bozeman, 41 Ala. 678.

Horace C. Wilkinson, of Birmingham, for appellee.

The provision of the statute that the employé shall receive compensation of the employer is mandatory. Acts 1919, p. 206, § 1; 35 Cyc. 1451; King v. Yates, 1 Showers Rep. 186; Ex parte Simonton, 9 Port. 390, 33 Am. Dec. 320; Colman v. Eutaw, 157 Ala. 327, 47 South. 703. A proceeding to collect compensation is neither an action on a contract nor of tort; it is a proceeding to enforce a statutory duty. 1 Honnold, Workmen's Comp. § 209; Poccardi v. Pub. Ser. Comm., 75 W. Va. 542, 84 S. E. 242, L. R. A. 1916A, 299; N. A. Salmon Co. v. Pillsbury, 174 Cal. 1, 162 Pac. 93; A. G. S. v. Carroll, 97 Ala. 126, 11 South. 803, 18 L. R. A. 433, 38 Am. St. Rep. 163; Duart v. Simmons, 231 Mass. 313, 121 N. E. 10. The Compensation Act failing to provide a remedy, the plaintiff is entitled to his remedy by due process of law. Acts 1919, p. 227, § 28; Const. 1901, § 13; Sparks v. McCreary, 156 Ala. 384, 47 South. 332, 22 L. R. A. (N. S.) 1224; Wolf v. Smith, 149 Ala. 457, 42 South. 824, 9 L. R. A. (N. S.) 338; Hightower v. Fitzpatrick's Heirs, 42 Ala. 597; Van Pelt v. McGraw, 4 N. Y. 110; Allison v. McCune, 15 Ohio, 726, 45 Am. Dec. 605; 1 C. J. 985; Stearns v. R. R. Co., 46 Me. 95; 7 Mayfield's Dig. 7.

This cause was submitted and considered under Rule 46 (178 Ala. xix, 65 South. vii), and the opinion of the court was delivered by

THOMAS, J. The case was tried upon count 2, alleging, among other things:

" * * * The plaintiff further avers that it thereupon became and was the duty of the defendant to pay the plaintiff the sum of $12 a week for a period of 35 weeks, or $420 at the end of the 35-week period for the loss of his said finger. Plaintiff further avers that before the 35-week period expired, he demanded of the plaintiff" (defendant) "the sum of $12 per week for 35 weeks for the loss of his said index finger, and that after the 35-week period expired the plaintiff demanded of the defendant the sum of $420, and that at all times the defendant was advised by the plaintiff and knew that the plaintiff was disabled and unable to work and earn money, and was unable to obtain, money, and was in destitute circumstances and dependent upon said sum of compensation due him by the defendant for the necessaries of life, and that notwithstanding the defendant's knowledge of all of said facts, a servant, agent, or employee of the defendant, to wit, David S. Anderson, acting within the line and scope of his employment as such, and authorized by the defendant to pay compensation claims, wrongfully and wantonly refused to pay the plaintiff said sum of $12 per week for 35 weeks, and wrongfully and wantonly refused to pay the plaintiff said sum of $420 at the end of the 35-week period knowing that such conduct would likely or probably result in injury to the plaintiff, although the defendant was at all times able to pay said sum, and with knowledge on the part of said servant, agent, or employee that the said sum was due plaintiff by the defendant, and as a proximate consequence the plaintiff avers that he was caused to wait a long time for said sum of $420; that he was caused to go to great trouble, expense, and annoyance in and about his efforts to collect said sum of $420 from the defendant; * * * all to his damage in the sum aforesaid, and the plaintiff claims punitive damages."

Demurrer was overruled to this count, challenging its sufficiency, on grounds: (1) That the only procedure or remedy open to plaintiff is given expression by the Workmen's Compensation Act, pt. 2 (Gen. Acts 1919, p. 208); and (2) that the obligation to pay compensation to an employee receiving his injuries within the provisions of the act was contractual in nature, and, in the absence of statutory procedure, the failure to pay did not give a right of action on the case ex delicto for punitive damages.

[1] The appellee, among other arguments, said, of the source and nature of the remedy sought to be enforced, that section 13 of the Bill of Rights guaranteed that "*every* person, for *any* injury done him, in his lands, goods, person, or reputation, *shall* have a remedy by due process of law" (italics supplied), and that section 28 of the Workmen's Compensation Act had not provided a *remedy* for the collection of compensation "where no controversy exists between the parties." It is provided by section 28 of the act, part 2, that "either party to a controversy arising under this act may file a verified complaint in the circuit court," etc. (Gen. Acts 1919, p. 227; Ex parte Sloss-Sheffield S. & I. Co. [Steagall's Case] 207 Ala. 531, 93 South. 425), for the ascertainment of the compensation, if any, that should be granted, and to determine who is entitled thereto. The compensation payable for the various injuries sustained, and to the defendants indicated, is regulated by the act (Gen. Acts 1919, p. 211, § 13 et seq.; Ex parte Shaw [Ala. Sup.] 97 South. 694; [1] Ex parte Thomas, 209 Ala. 276, 96 South. 233; Ex parte American Blakeslee Mfg. Co. [Ala. App.] 98 South. 817 [2]), for which suit may be brought in the circuit court of the county "which would have jurisdiction of an action between the same parties arising out of tort," etc. The question of what is an adversary proceeding under the statute has been adverted to by this court (Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803; Ex parte Sloss-Sheffield S. & I. Co. [Steagall's

---

[1] 210 Ala. 185.　[2] 19 Ala. App. 547.

Case], 207 Ala. 531, 93 South. 425; Ex parte Thomas, 209 Ala. 276, 96 South. 233), and it is also declared the "presumption of law" is "that the contract of employment is subject to the provisions of the act," that is, the duty to pay compensation exists as a part of the contract of employment into which the statute is made to enter by acts of the parties under the provisions of part 2 of the act (Steagall v. Sloss-Sheffield S. & I. Co., 205 Ala. 100, 87 South. 787; Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 South. 188; 1 Honnold on Work. Comp. § 32). It is also provided in that statute for an agreement, expressed or implied, both by employer and employee to become subject to the provisions of part 2 of the Act of 1919, p. 208, § 9 et seq. (Garrett v. Gadsden Cooperage Co., supra); and it has been held that the remedies granted under the Compensation Act are exclusive in cases coming within the influence thereof (Georgia Casualty Co. v. Haygood [Ala. Sup.] 97 South. 87;[3] Garrett v. Gadsden Cooperage Co., supra). The provisions of the act (section 11, p. 209) declaring the presumptions as to acceptance of the terms and provisions of the act, giving the right and procedure (section 12, p. 210) to "terminate the agreement," procedure for ascertainment and enforcement, etc. (section 21, p. 224), and declaring a preference of the right of compensation (section, 27 p. 227), indicate that the duty to pay exists because it is a part of the contract of employment between the employer and the employee.

As to the suit sought to be maintained, appellee's able counsel say:

"We say it is an action on the case with punitive damages. As was said in Wolf v. Smith, 149 Ala. 457–461, 42 South. 824, 825 (9 L. R. A. [N. S.] 338), the duty to pay compensation for the loss of an index finger was not a common-law duty, 'but one newly created by statute, and which, but for the statute, might be omitted. No penalty is attached for a failure on the part of the person operating the mine to comply with the requirements of the statute; but it is a general and well-established rule that the wrongdoer is liable in damages to the party injured by the violation of a statutory duty. 1 Cyc. p. 679. Neither does the statute provide a remedy for a failure to comply with its terms; but this presents no obstacle to recovery in a proper case against the wrongdoer. The common law affords the remedy, and, if the plaintiff has a cause of action, the proper remedy has been resorted to in this instance. Autauga County v. Davis, 32 Ala. 703; Birmingham Min. R. R. Co. v. Parsons, 100 Ala. 662, 13 South. 602, 27 L. R. A. 263, 46 Am. St. Rep. 92.'

"We call the court's attention to the fact that no penalty is prescribed by the Compensation Law for failure on the part of an employer to pay, even in cases in which there is no controversy about the amount due. The sum payable does not even draw interest until reduced to judgment."

To this statement as to interest appellant's counsel admit that the Compensation Act does not authorize a recovery of interest on compensation payments, "but specifically gives a remedy against defaults in payment of compensation." "Even interest can be collected only when the judgment has been reduced to a cash value and the employer gives bond to suspend execution." This, however, is not an admission on the part of appellant's counsel that the nature of the procedure of enforcement of such obligation under the statute gave this right of action.

The statute being considered in A. G. S. R. Co. v. Carroll, 97 Ala. 126, 11 South. 803, 18 L. R. A. 433, 38 Am. St. Rep. 163, is quite different from the Compensation Act.

In Drennen Motor Co. v. Evans, 192 Ala. 150, 153, 68 South. 303, the suit was for the statutory penalty for failure to satisfy a lien of record; held, the recovery was in nature of debt and not an action on the case. So, in Higdon v. Kennemer, 120 Ala. 193, 24 South. 439, suit was for statutory penalty for cutting trees; held, being an action for debt, a count for damages for the trespass could not be added—prior to the Code of 1907. Floyd v. Wilson, 171 Ala. 139, 141, 54 South. 528. In Burns v. Reeves, 127 Ala. 127, 28 South. 554, the holding was that when a statute providing a penalty fails to provide a remedy, an action for debt is the proper remedy for the recovery, because the sum demanded is certain and fixed. See, also, McKenzie v. Gibson, 73 Ala. 205, where the suit was for penalty for injuries to cattle; held, the suit therefor was in its nature an action for debt. Johnson v. Bain, 17 Ala. App. 71 (2), 81 South. 849; Southern Car & Foundry Co, v. Calhoun County, 141 Ala. 250, 37 South. 425, an action to recover license tax, held, action for debt appropriate for such collection; Spence v. Thompson, 11 Ala. 746, 751, a suit for statutory penalty for extortion, was in debt; Wetumpka & C. R. Co. v. Hill, 7 Ala. 773, it is held debt is the remedy when for a sum certain, or that may be readily reduced to a certainty; Blackburn v. Baker, 7 Port. 284, 290, where it is declared an action for debt lies and is proper when "a statute gives a right to recover damages, which are ascertained by the act itself, * * * if no specific remedy is provided."

However, it would appear from reason, authority, and statute that the only remedy open to plaintiff was under part 2 of the Compensation Act, and that the obligation to pay compensation was contractual in nature. The failure of prompt payment, or delay therein, after demand, did not give the right of action sought to be enforced. And the amended complaint on which the trial was had (count II) did not state a cause of action.

In Deavors v. South. Exp. Co., 200 Ala. 372, 76 South. 288, it is said of W. U. T. Co. v. Rowell, 153 Ala. 295, 45 South. 73:

[3] 210 Ala. 56.

"It is often very difficult, if not impossible, to determine whether complaints for failure to deliver, or delay in delivering, telegraphic messages, are ex contractu or ex delicto. It has been held that the allegation 'that the defendant failed willfully and wantonly to deliver a telegram agreed to' cannot operate to change the character of the action from one ex contractu to one ex delicto."

[2] The contention is that the gist of the action was the delay in paying the undisputed sum due, the $420; yet defendant had the right under the law to one judgment and one satisfaction thereof, and not have the cause of action against it split. Such judgment was had under the decision of this court in Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 219, 92 South. 458. The authority of law was for such ascertainment of full amount due, and any motive, if such there was, to settle for less than the obligation fixed by law, could not authorize this suit. An act which does not amount to a legal injury cannot be actionable because it is done with a bad intent. The maxim, "Sic utere tuo ut alienum non lædas," has no application. L. & N. R. R. Co. v. Scruggs & Echols, 161 Ala. 97, 49 South. 399, 23 L. R. A. (N. S.) 184, 135 Am. St. Rep. 114. It is damnum absque injuria, since, in withholding part payment to a final ascertainment, it was a lawful exercise of the right of litigation under the statute. L. & N. R. R. Co. v. Duncan, 16 Ala. App. 520, 79 South. 513. This result follows, aside from the express provisions of section 10½ of the Compensation Act. Acts 1919, p. 209.

The defendant's demurrer to count 2 of the complaint should have been sustained.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.