Thomas J. CRIDER, Appellant,

v.

ZURICH INSURANCE COMPANY, Appellee.

No. 20633.

United States Court of Appeals Fifth Circuit.

July 12, 1965.

Rehearing Denied Aug. 10, 1965.

Max Pope, J. Terry Huffstutler, Birmingham, Ala., for appellant.

Foster Etheredge, Birmingham, Ala., for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and JOHNSON, District Judge.

JONES, Circuit Judge.

The appellant, Thomas J. Crider, a resident of Alabama, was an employee of A. H. Lawler Construction Company, Inc., a corporation having its headquarters in Georgia. He was injured while working for Lawler in Alabama. He brought an action against Lawler in the Circuit Court of DeKalb County, Alabama, to recover for his injuries. In the first count of his original complaint he sought benefits under the Alabama workmen's compensation law and by two additional counts he sought recovery on common law negligence averments. He amended his complaint by adding a count setting forth a claim under the workmen's compensation law of Georgia, and striking all three of the counts of his original complaint. The Alabama court entered a default against Lawler and a judgment against it for $10,500 and costs. Crider then brought suit in the United States District Court for the Northern District of Alabama, against Zurich Insurance Company, the workmen's compensation insurer of Lawler, on the state court default judgment. The district court, relying on Green v. J. A. Jones Construction Co., 5th Cir. 1947, 161 F.2d 359, held that a remedy under the Georgia Workmen's Compensation Act can only be afforded by the [Georgia] State Board of Workmen's Compensation in a proceeding brought before it. The district court, having reached this con-

clusion, decided that the Alabama state court was without jurisdiction and its judgment was void. The suit was dismissed. Crider v. Zurich Insurance Co., 224 F.Supp. 87. This Court, citing Green v. J. A. Jones Construction Co., supra, affirmed. Crider v. Zurich Insurance Co., 5th Cir. 1963, 324 F.2d 499. Our decision was reversed by the Supreme Court. Crider v. Zurich Insurance Co., 380 U.S. 39, 85 S.Ct. 769, 13 L.Ed.2d 641.

The Supreme Court expressed the view that Green v. J. A. Jones Construction Co., supra, had been or might have been decided upon the erroneous principle [1] that the Full Faith clause [2] precluded the Alabama courts, and the Federal courts in an Alabama diversity case, from affording a remedy where the Georgia compensation act prescribes a proceeding before the Georgia compensation board. The case was reversed with a direction that we reconsider our holding free from any supposed constitutional compulsion.

If this Court was in the constitutional area of full faith and credit in following the precedent of Green v. J. A. Jones Construction Co., we were not aware of it. The district court opinion of Judge Grooms carries no indication of consciousness of making a decision based upon a constitutional principle. Professor Larson, apparently, regarding the question as one of conflicts, says:

"It may be noted that this [conflict of laws] discussion is entirely in terms of 'which statute applies' and not of 'which state has jurisdiction.' However, the two usually coincide, since, under the rule that a claim, to be valid, must follow the designated procedure, and under the requirement that only the special tribunal created by the particular state can administer claims thereunder, rights created by the compensation act of one state cannot ordinarily be enforced in another

state or in a federal court." 2 Larson Workmen's Compensation Law 356, § 84.20.

Cited for the quoted rule is Grenier v. Alta Crest Farms, Inc., 115 Vt. 324, 58 A.2d 884, and Green v. J. A. Jones Construction Co. The question, as treated by Larson, does not appear to be geared to any constitutional doctrines. Grenier v. Alta Crest Farms decided that a Vermont commissioner of industrial relations was without jurisdiction to make an award under the Massachusetts Workmen's Compensation Act which provided an exclusive remedy for enforcement before a special tribunal created for that purpose.

In the Restatement we find it said that

"If a state makes the existence of a cause of action conditional on some act or event, no suit can be maintained in another state unless the condition is satisfied." Restatement, Conflict of Laws 735, § 618.

The comment upon the foregoing includes the following:

"So where a Workmen's Compensation Act provides for the fixing of the amount of compensation by a commission, no action can be brought on such a claim until the amount of compensation has been so fixed." Id.

The general rule has been stated in this fashion:

"Moreover, the rights, remedies, and procedure provided by the compensation laws are exclusive; and matters relating to compensation laws are exclusive; and matters relating to compensation claims are governed exclusively by the provisions of the acts, and are not controlled by general rules of procedure applicable in cases in law or equity, except as specifically provided." 99 C.J.S. p. 52, Workmen's Compensation § 6.

1. Alaska Packers Association v. Industrial Accident Commission of California, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044; Pacific Employers Insurance Co. v. Industrial Accident Commission of State of California, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940.

2. U.S.Const. Article IV, Section 1.

■■ We do not have here a statute creating a new cause of action in an injured employee against his employer which is enforceable by a common law remedy in a judicial action. Cf. Franzen v. E. I. du Pont de Nemours & Co., 3rd Cir. 1944, 146 F.2d 837. What we have is a new right enforceable only by a statutory proceeding before an administrative commission. As was said by the Supreme Court of Georgia:

> "The rights and liabilities of employers and employees are governed by the Workmen's Compensation Act. The ordinary rules of law do not apply to actions arising under that statute, but the act itself constitutes a complete code of laws upon the subject." Tillman v. Moody, 181 Ga. 530, 182 S.E. 906. See Maryland Casualty Co. v. Stephens, 76 Ga.App. 723, 47 S.E.2d 108.

The Supreme Court of Alabama, in Pound v. Gaulding, 237 Ala. 387, 187 So. 468, recognized the principle that "Workmen's Compensation statutes create rights and remedies and procedure all their own" and, as we read the opinion, treats the jurisdictional question of the extraterritorial effect of such statutes as being one of conflict of laws. No constitutional problem is suggested. See also Alabama By-Products Co. v. Landgraff, 32 Ala.App. 343, 27 So.2d 209, aff. 248 Ala. 253, 27 So.2d 215.

The reported case from which we gain the most light upon the case before us, since Green v. J. A. Jones Construction Co., supra, is a questionable precedent, is Singleton v. Hope Engineering Co., 223 Ala. 538, 137 So. 441. Singleton was injured while employed in Georgia by Hope Engineering Co. He sued in Alabama and in his complaint alleged that his employer breached a duty owed to him under the Georgia Workmen's Compensation Act to provide him with medical attention. A demurrer to the complaint was sustained and the Supreme Court of Alabama affirmed. In its opinion the Alabama court thus stated the governing rule:

> "The demurrer points out that the courts in this state have no jurisdiction because the several litigable issues of fact arising under the Georgia statute are vested exclusively under the Georgia Workmen's Compensation Commission. This court has generally declared that all rights and remedies granted by our statute are exclusive in causes coming within the influence thereof. Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87; Sloss-Sheffield Steel & Iron Co. v. Greek, 211 Ala. 95, 99 So. 791; Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787. The express terms of the Georgia statute exhibited are to like effect. Sections 12, 26, 27, and 64. Neither the common law nor other statute placed upon defendant the duty to furnish plaintiff with medical attention. The right sought to be enforced had its origin and existence in the Georgia Workmen's compensation statute. The remedies for its breach are recoverable in the manner provided by proper pleadings and procedure before the Industrial Commission of our sister state."

■ In the Singleton case the injury occurred in Georgia. The residence of the plaintiff is not shown by the report. We infer that he was seeking what he hoped was a forum with a more favorable law than that of Georgia. In the case before us the injury occurred in Alabama and the plaintiff was an Alabama resident. Since, under appropriate administrative procedures the appellant could have had the benefit of either the Georgia or the Alabama statute, it is apparent, without indulging in an inference, that appellant was seeking the forum and the statute which he regarded as most beneficial. We do not think that the factual differences between this case and Singleton are such as to distinguish it as a precedent for a decision here. It is our conclusion that the courts of Alabama, applying

the law of Alabama, and free from any supposed constitutional compulsion, would hold that they were without jurisdiction of the subject matter of the cause of action in a case such as the one we here decide. As a court exercising diversity jurisdiction, a Federal court in Alabama must reach the same result.

■ If, as we hold, there was no jurisdiction in the Alabama court over the subject matter of the suit, the judgment was void and is subject to collateral attack. Berry v. Manning, 209 Ala. 587, 96 So. 762. See also Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759; Cobb v. Norville, 227 Ala. 621, 151 So. 576.

For the reasons herein set forth, we adhere to our former decision and affirm the judgment of the district court.

Affirmed.